■ In the Matter of THOMAS C. MARTIN, Petitioner, v MELVIN H. OSTERMAN, as Director of the State of New York Executive Dept. Office of Employee Relations, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondents that petitioner had violated the provisions of subdivision 1 of section 210 of the Civil Service Law. Petitioner has been employed as a police officer with the Long Island State Parkway Police since June, 1962. Following a meeting of the Police Benevolent Association of that department on July 12, 1973, members of the association commenced a job action against their employer on July 13, 1973. On August 29, 1973 the State Director of Employee Relations, respondent Osterman, found that a strike had taken place against the Parkway Commission on July 13, 14 and 15, 1973, and duly notified petitioner and others individually, in accordance with the statutory procedures, that they had engaged in a strike in violation of section 210 of the Civil Service Law, and advised them of their rights to file objection to that determination. Petitioner submitted an affidavit of objection in which he stated that he had been ill with bronchitis on the dates in question and attached a note from his physician to that effect. Respondent Osterman determined that petitioner's affidavit raised a question of fact and a hearing was scheduled. Petitioner was the only witness at the hearing. He testified that he probably received notice of the meeting of July 12, 1973 but disregarded it since he was working that evening. He claimed to be unaware of the job action because he did not receive a newspaper, did not listen to the radio and was unaware of it until the third day on which he called in sick when he was told by the sergeant who answered the call. He described in general terms the symptoms he claimed he had suffered on the dates in question, and testified that bronchitis had been a chronic condition with him although it did not always cause him to miss work. He testified that he saw his doctor on the first day of his illness (July 13, 1973) and was instructed to stay out of work until he was told to come back. However, he did not see the doctor prior to going back to work and was somewhat vague as to when he obtained the note from the doctor which he had submitted with his affidavit. He testified that he normally pays the doctor by check but, subsequent to the hearing, advised that there were no canceled checks available. We have not considered the statistical data furnished by respondents in their brief concerning the number of employees of the Parkway Commission who were absent from work on July 13, 14 and 15, 1973 nor how many of them reported in as ill. The hearing officer determined, from the evidence before him, that there was confusion in the hearing as to the exact dates that petitioner visited his doctor which made it difficult to substantiate petitioner's medical proof on the record; that petitioner had advised there were no canceled checks from the doctor visits so as to substantiate the dates and that petitioner's attendance record did not bear out his claim that his illness on the three days in question was part of a chronic condition. Section 210 (subd 2, par [b]) of the Civil Service Law provides: "Presumption. For purposes of this subdivision an employee who is absent from work without permission, or who abstains wholly or in part from the full performance of his duties in his normal manner without permission, on the date or dates when a strike occurs, shall be presumed to have engaged in such strike on such date or dates." Starting with that presumption and considering also the factor that at the hearing the em-

ployee shall bear the burden of proof (Civil Service Law, § 210, subd 2, par [b]), it cannot be said that there was not a rational basis for the determination, which was not arbitrary or unreasonable, and must, therefore, be confirmed. Determination confirmed and petition dismissed, without costs. Sweeney, J. P., Kane, Koreman, Larkin and Reynolds, JJ., concur.